IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES POSTAL SERVICE,

          Plaintiff,

                                              OPINION and ORDER

    v.

                                              08-cv-105-slc

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

          Defendant.

---

On November 10, 2008, this court held a bench trial on plaintiff United States Postal Service's claim and defendant State Farm Mutual Automobile Insurance Company's counterclaim in this automobile collision lawsuit. As explained below, I find that postal employee Randall Wankerl was negligent for failure to yield the right of way to Laura Cerro at the intersection, while Cerro was contributorily negligent for failing to engage in adequate and efficient look out prior to the accident.

Having heard and seen the witnesses testify and having considered the photographic exhibits, I find the following facts:

FACTS

Galileo Drive is an east - west street in a residential neighborhood in Madison, Wisconsin. Galileo Drive intersects with McLean Drive, a north - south street. The speed limit on both streets is 25 MPH. There are traffic calming median strips on McLean Drive to the north and south of its intersection with Galileo Drive. The lot at the southeast corner of the intersection of Galileo and McLean is empty, devoid of structures and plantings. The

intersection of Galileo and McLean is uncontrolled: there are no stop or yield signs in any direction. *See* photographs, gov. exhs. 1-5.

On April 25, 2006 at approximately 3:00 p.m., Laura Cerro was driving her Nissan automobile westbound on Galileo Drive, just east of McLean Drive, intending to cross straight through the intersection. Her infant daughter was ensconced in a rear-facing safety seat in the middle of the back seat. The weather was clear and the roads were dry. Cerro was traveling about 25 MPH, within the speed limit.

At the same time, United States Postal Service rural carrier Randy Wankerl was driving a standard USPS LLV mail truck northbound on McLean Drive, just south of the intersection with Galileo Drive. Wankerl believed the speed limit was 30 miles per hour and had been traveling at about that speed, although he tapped the brake lightly before reaching the intersection of McLean and Galileo. Although Wankerl claims to have looked both left and right, he did not see Cerro's automobile before entering the intersection. Wankerl's understanding of the rules of the road was that whichever car entered an uncontrolled intersection first had the right of way.

As Cerro approached the intersection of Galileo and McLean, she did not see Wankerl's mail truck approaching from the south, her left. This is because Cerro looked to her right as she approached the intersection but did not look to her left. Cerro testified that she did not look to the left because her understanding of the rules of the road was that any vehicle to her right would have the right of way in the intersection, while any car approaching from her left would have to yield to her.

Cerro did not see saw Wankerl's truck until she was bearing down upon it in the intersection. Wankerl did not see Cerro's car until it came into view behind the cab of his truck in his sideview mirror, a split second before impact. Upon seeing the mail truck looming before her, Cerro hit her brakes and believes that she turned her steering wheel to her left. These actions were unavailing: Cerro's automobile hit Wankerl's truck just in front of the rear tire wheel well. Wankerl's truck was pushed sideways (generally west), until its left front tire hit the curb of the traffic calming median north of the intersection. The truck tipped over onto its left side. No one was injured.

Madison police officer Matthew Kenny reported to the scene to investigate. He perused the scene, interviewed both drivers and decided not to issue any tickets.

Damage to the USPS truck driven by Wankerl amounted to $16,837.29. The postal service claims a loss of use of the truck amounting to $525.00 as a result of the accident.

Cerro's automobile was insured by State Farm Mutual Automobile Insurance Company. State Farm paid Cerro $7,776.08 in damages to her car. Cerro paid a $250.00 deductible on this policy.

## ANALYSIS

Wisconsin defines "right of way" as "the privilege of the immediate use of the roadway." Wis. Stat. § 340.01(51). Wisconsin's general rules of right of way provide–with certain exceptions that do not apply here–that "when 2 vehicles approach or enter an intersection at approximately the same time, the operator of the vehicle on the left shall yield the right-of-way to the vehicle on the right." Wis. Stat. § 346.18(1). Absent circumstances not present here (*e.g.*,

3

left turns), the driver approaching from the left never acquires the right-of-way over the party approaching from the right. *Schill v. Meers*, 269 Wis. 653, 659 (1955). Therefore, "[w]hen two drivers approach an intersection under such circumstances that if both continue in the same course and at the same speed a collision will result, it is the obligation of the driver on the left to yield to the driver on the right." *Pagel v. Kees*, 23 Wis. 2d 462, 466 (1964). *See also Reynolds v. Madison Bus Co.*, 250 Wis. 294, 303-04 (1947)("if the vehicles approach or enter the intersection at approximately the same time the driver to the left is compelled to yield the right of way to the driver at the right irrespective of who enters the intersection first").

Even so, both parties entering an intersection must be vigilant to avoid collisions, *Thieme v. Weyker*, 205 Wis. 578, 580 (1931), and a driver having the advantage of the right of way is not relieved of the duty of maintaining a proper lookout, *Whyte v. Lindblom*, 216 Wis. 21, 25 (1934); *see also Ashley v. American Auto Ins. Co.*, 19 Wis. 2d 17, 21-22 (1963). "Both parties must be vigilant at street intersections to avoid collisions. Constant vigilance at street intersections is the price of safety. One must look at a point where his observation will be efficient for protection." *Thieme*, 205 Wis. at 580. Generally, if both drivers were equally negligent with respect to lookout, a greater percentage of the negligence belongs to the driver who did not have the right of way. *Seitz v. Seitz*, 35 Wis. 2d 282, 292 (1967), *overruled on other grounds in Matter of Stromsted's Estate*, 99 Wis. 2d 136, 142 (1980).

In the instant case, both parties failed to maintain proper and efficient lookout. Wankerl claims to have looked and right and left before entering the intersection of McLean and Galileo but claims that he did not see Cerro's automobile approaching from his right. Given Wanker's long and unobstructed sight line ahead and to his right, it is hard to believe that Wankerl would

4

not have seen Cerro approaching if he actually had looked, but it doesn't matter: the point is that he did not see her automobile, and this was negligent. Cerro admits that she did not even look to her left, claiming that she was relying on her understanding of the rules of the road to check only to her own right, not to her left. This explanation is difficult to accept; a simpler and more logical reason for Cerro's failure to look left was that she was checking on her infant in the middle of the back seat. But this doesn't matter either: regardless of the reason, Cerro concedes that she did not look to her left and therefore did not see Wankerl's truck approaching the intersection. This was negligent.

So the question is whether Wankerl was more negligent than Cerro. By virtue of Wisconsin's right-of-way statute, Wankerl was more negligent. The fact that he entered the intersection a fraction of a second earlier did not vest him with the right of way. The case law cited above establishes that, *ceteris paribus*, if two motor vehicles traveling within the speed limit collide in an uncontrolled intersection, then it is the fault of the driver who did not have the right of way. The fact that a collision occurred at all proves that they both entered the intersection "at approximately the same time." *Pagel*, 23 Wis. 2d at 466

Therefore, Wankerl was more negligent than Cerro because he failed to yield the right of way. Factoring this into the conclusion that each driver was equally culpable for failing to engage in efficient lookout, I find that Wankerl's negligence was 60% causal in this collision and Cerro's negligence was 40% causal.

Wisconsin is a comparative negligence state: a party less than 51% causally negligent may recover her damages from a party more than 51% causally negligent, with the recovery diminished in proportion to the less negligent party's percentage of the negligence. A party may

not recover damages from another party if his negligence is greater than the other party's negligence. Wis. Stat. § 895.045(1).  As a result of this, the United States is not entitled to recover any damages, while Cerro may recover 60% of her $8,026.08 damages, which is $4,815.65.

ORDER

IT IS ORDERED that defendant-counterclaimant State Farm Mutual Automobile Insurance Company is entitled to judgment in its favor with regards to plaintiff's claim against it and with regards to its counterclaim against plaintiff and is entitled damages in the amount of $4,815.65.

Entered this 17th day of November, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge